UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY LORUSSO,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN MCCARTHY,<br><br>Defendant. | Case No. 22-cv-07366-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at Polk Correctional Institution in Polk City, Florida, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Congressman Kevin McCarthy, who is the United States representative for California's 23rd congressional district. The complaint alleges that defendant McCarthy denied the result of the 2020 election and worked up his base, which led to the death of four Capitol police officers during the January 6, 2021 attack on the United States Capitol. The complaint also makes various allegations regarding purported misdeeds by Florida governor Ron DeSantis, Pinellas County Sheriff Bob Gualtieri, and Polk County Sheriff Grady, including allowing Justin Crowder to supply weapons to the Oath Keepers, ignoring reports that Mr. Crowder had molested his daughter and trafficked young girls across state lines, using federal funds for personal use, covering up an underage child pornography ring, covering up crimes committed during the January 6, 2021 attack, and allowing law enforcement in the militia to have a haven for recruitment in and around Pinellas County, Florida. The complaint alleges that defendant McCarthy conspired with some of these Florida officials. *See generally* ECF No. 1.

Venue generally is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Here, none of the events or omissions giving rise to Plaintiff's claim(s) occurred in the Northern District of California, and none of the defendants reside in this district.

Accordingly, this action is DISMISSED for lack of venue in this district. 28 U.S.C. §1406(a) (where case is filed in wrong venue, district court may either dismiss case or transfer case to appropriate venue). This dismissal is without prejudice to re-filing this action in the appropriate venue. The Clerk shall enter judgment in favor of Defendant and close the case.

**IT IS SO ORDERED.**

Dated: January 23, 2023



JON S. TIGAR
United States District Judge

2